[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 590.]

LAKE COUNTY BAR ASSOCIATION *v*. ENDRES.

[Cite as *Lake Cty. Bar Assn. v. Endres*, 1996-Ohio-247.]

*Attorneys at law—Misconduct—Two-year suspension stayed on conditions—Neglect of an entrusted legal matter—Failure to keep appropriate accountings of client's funds or property—Failure to make prompt payment of client's funds to client.*

(No. 95-2533—Submitted January 24, 1996—Decided February 28, 1996.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-33.

_____

{¶ 1} In a complaint filed on April 10, 1995 with the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), relator, Lake County Bar Association, charged respondent, Paul Joseph Endres of Mentor, Ohio, Attorney Registration No. 0062360, with one count of professional misconduct. Respondent did not answer the complaint, and relator moved for default pursuant to Gov.Bar R. V(6)(F). A panel appointed by the board granted the motion, but subsequently allowed respondent to present mitigation evidence at a hearing held on November 20, 1995.

{¶ 2} Respondent confessed to the panel that he had ignored relator's requests for information and the board's certified mailing of the complaint, as well as other notices. He also admitted, as charged in the complaint, that he had represented his sister in a personal injury claim in 1994, he had failed to pay her her full share of the proceeds from a settlement he negotiated, and he had withdrawn funds belonging to her from his client trust account. Respondent explained that he had disregarded the complaint and disciplinary proceedings to avoid having to tell his father, who was terminally ill, about his and his sister's fee dispute. He further

recognized his wrongdoing, attributing it to misunderstanding and to his financial inability to promptly pay the revised fee upon which he and his sister ultimately agreed.

{¶ 3} The panel found respondent had violated DR 6-101(A)(3) (neglect of an entrusted legal matter), and 9-102(B)(3) (failure to keep appropriate accountings of client's funds or property) and (4) (prompt payment of client's funds to client). In recommending a sanction for this misconduct, the panel considered that respondent was a relatively inexperienced attorney at the time of his infractions, having just been admitted to the Ohio Bar in 1993; that he has had great difficulty attempting to support himself as a sole practitioner; and that he may have been experiencing emotional problems stemming from his father's death. The panel recommended that respondent be suspended from the practice of law for two years, with imposition of this sanction being suspended on the condition that he cooperate with a monitor appointed pursuant to Gov.Bar R. V(9), meeting with the monitor on a monthly basis for the first year and on a quarterly basis during the second year, and that the monitoring attorney may order a random drug test at any time during this two-year period.

{¶ 4} The board adopted the panel's findings of fact, conclusions of law, and recommendation.

_____

*Linda D. Cooper*, for relator.

*Paul Joseph Endres*, *pro se*.

_____

**Per Curiam.**

{¶ 5} Upon review of the record, we adopt the board's findings of misconduct and its recommended sanction. Respondent is therefore suspended from the practice of law in Ohio for a period of two years, but imposition of this

sanction is suspended on the conditions established by the board.  Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

MOYER, C.J., and COOK, J., dissent.

————————————

**COOK, J., dissenting.**

{¶ 6} Respondent's conduct together with his disregard for the disciplinary process warrants a suspension of six months.

MOYER, C.J., concurs in the foregoing dissenting opinion.

————————————